# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:15-cv-00298-SVW-JPR | Date | May 28, 2015 |
| Title | Chalupa v. Tatitlek Support Services, Inc. et al. | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**   IN CHAMBERS ORDER Re Motion to Dismiss First Amended Complaint [18]

## I.     Introduction

This is a wage and hour action brought by plaintiff Jean Paul Chalupa ("Chalupa") against defendant Tatitlek Support Services, Inc. ("Tatitlek"). On January 9, 2015, Chalupa filed suit against Tatitlek in State Court. On February 9, 2015, Tatitlek removed the action to federal court. (Dkt. 1.) On March 10, 2015, this Court issued an Order granting Chalupa leave to file an amended complaint and ordering the parties to two related cases to show cause why their claims should not be dismissed because the plaintiffs in those cases are independent contractors rather than employees. (Dkt. 16.) On March 24, 2015, Chalupa filed his First Amended Complaint ("FAC"). (Dkt. 17.) In his FAC, Chalupa asserts claims under California law for: (1) failure to pay overtime compensation; (2) failure to provide meal and rest periods; (3) failure to provide accurate wage statements; and (4) violation of California's Unfair Business Competition Law ("UCL"). (Dkt. 17.)

Presently before the Court is Tatitlek's motion to dismiss Chalupa's FAC. (Dkt. 18.) For the reasons discussed below, the Court DENIES Tatitlek's motion.

## II.     Statement of Facts

Chalupa alleges that pursuant to a contract with the United States, Tatitlek hired him and other employees to work as role players at the Marine Corps. base at Twenty Nine Palms, California. (FAC ¶ 5.) He asserts that he worked as a role player in pre-deployment training exercises at the Twenty Nine Palms Base. (*Id.*)

|   | : |   |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:15-cv-00298-SVW-JPR | Date | May 28, 2015 |
|---|---|---|---|
| Title | Chalupa v. Tatitlek Support Services, Inc. et al. | | |

Chalupa alleges that "[d]uring his employment with Tatitlek, [he] was required to work shifts in excess of 8 hours per day, and more than 40 hours per week[.]" (FAC ¶ 6.) He further alleges that he was "required on occasion to work hours on a seventh consecutive workday" and that he was "required to work shifts in excess of 12 hours per day[.]" (FAC ¶¶ 6–7.) According to Chalupa, Tatilek "failed to prove or to permit [him] to take an uninterrupted 30-minute meal period when employed for a work period of more than five hours per day." (FAC ¶ 9.) Chalupa also asserts that Tatilek failed to provide him an uninterrupted second 30 minute meal break or ten minute rest breaks when required. (*Id.*)

### III. Analysis

#### A. Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. Fed. R. Civ. Proc. 12(b)(6). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "Allegations in the complaint, together with reasonable inferences therefrom, are assumed to be true for purposes of the motion." *Odom v. Microsoft Corp*, 486 F.3d 541, 545 (9th Cir. 2007). However, a Court need not accept legal conclusions as true. *Iqbal*, 556 U.S. at 678.

If a court dismisses the complaint, it will freely grant leave to amend. *DeSoto.*, 957 F.2d at 658. In deciding whether to dismiss with prejudice, courts consider the following factors articulated by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.

*Id.* at 182; *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015).

#### B. Application

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:15-cv-00298-SVW-JPR | Date | May 28, 2015 |
|---|---|---|---|
| Title | Chalupa v. Tatitlek Support Services, Inc. et al. | | |

  Tatilek moves to dismiss Chalupa's complaint because Chalupa fails to plead sufficient facts showing that he is an employee rather than an independent contractor. Tatitlek's motion relies heavily on this Court's March 24 Order alerting the parties in two related putative class actions that it appeared from the face of the operative complaint in those cases that the putative class members and named plaintiffs were independent contracts and not employees. (Dkt. 16: Order, at 2–3.) Chalupa is correct that the Court's criticism was not directed at Chalupa, whose complaint did not contain the same allegations at issue in the *Nur/Noorzay* action which indicated that the plaintiffs in those actions were independent contractors.

  Tatilek is correct that Chalupa must be an employee rather than an independent contractor to assert his California Labor Code claims. *See Hennighan v. Insphere Ins. Solutions, Inc.*, 38 F. Supp. 3d 1083, 1097 (N.D. Cal. 2014) (quoting *Cristler v. Express Messenger Sys., Inc.*, 171 Cal. App. 4th 72, 76 (Cal. Ct. App. 2009)); *Ayala v. Antelope Valley Newspapers, Inc.*, 59 Cal. 4th 522, 530 (2014). A plaintiff may establish a *prima facie* case that an employer-employee relationship exists by alleging that the plaintiff provided services to the employer. *Hennighan*, 38 F. Supp. 3d at 1097 (citing *Robinson v. George*, 16 Cal.2d 238, 243 (1940)). Once the plaintiff establishes a prima facie case, the burden shifts to the employer to prove that the presumed employee was an independent contractor. *Id.* (citing *Narayan v. EGL, Inc.*, 616 F.3d 895, 900 (9th Cir.2010)).

  Here, Chalupa alleges that "[a]s an employee of Tatitlek, [he] worked as a role player in pre-deployment training exercises involving the training of military personnel at the Twenty Nine Palms Marine base." (FAC ¶ 5.) He also alleges that during his employment with Tatitlek, he was required to work shifts in excess of 12 hours per day and that he was required to work more than 40 hours per week. (FAC ¶¶ 6–7.) Thus, while Chalupa's complaint is far from a Tolstoy-esque exposition of the circumstances of his employment, it sufficiently alleges that he provided services to Tatitlek. Moreover, unlike the *Nur/Noorzay* complaint that the Court criticized in its March 24 Order, Chalupa's complaint does not allege facts which on their face rebut the existence of an employer-employee relationship. Thus, while the Court does not accept Chalupa's legal conclusions as true, the Court finds that Chalupa pleads sufficient facts to establish a *prima facie* case of an employer-employee relationship.

**IV.** **Order**

  For the aforementioned reasons the Court DENIES Tatitlek's motion to dismiss Chalupa's FAC.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |